**LITE DePALMA GREENBERG, LLC**
Bruce D. Greenberg
570 Broad Street – Suite 1201
Newark, NJ 07102
Tel: (973) 623-3000
Fax: (973) 623-0858
bgreenberg@litedepalma.com
*Attorneys for Plaintiff*

*Additional Counsel on signature page*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| PAUL PARSHALL, Individually and On Behalf of All Others Similarly Situated | ) ) ) |
| Plaintiff, | ) Civil Action No. 18-2273 ) |
| v. | ) **CLASS ACTION COMPLAINT** ) **JURY TRIAL DEMANDED** |
| CLIFTON BANCORP INC., PAUL M. AGUGGIA, STEPHEN ADZIMA, JOHN H. PETO, CHARLES J. PIVIROTTO, CYNTHIA SISCO, JOSEPH C. SMITH and KEARNY FINANCIAL CORP., | ) ) ) ) ) ) ) |
| Defendants. | ) |

## COMPLAINT FOR VIOLATION OF THE SECURITIES
## EXCHANGE ACT OF 1934

Plaintiff, by his undersigned attorneys, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

## NATURE OF THE ACTION

1.      This action stems from a proposed transaction announced on November 1, 2017 (the "Proposed Transaction"), pursuant to which Clifton Bancorp Inc. ("Clifton Bancorp" or the "Company") will be acquired by Kearny Financial Corp. ("Kearny").

2.      On November 1, 2017, Clifton Bancorp's Board of Directors (the "Board" or "Individual Defendants") caused the Company to enter into an agreement and plan of merger (the "Merger Agreement") with Kearny.  Pursuant to the terms of the Merger Agreement, stockholders of Clifton Bancorp will receive 1.191 shares of Kearny common stock for each share of Clifton Bancorp they own.

3.      On January 23, 2018, defendants filed a definitive proxy statement (the "Proxy Statement") with the United States Securities and Exchange Commission ("SEC") in connection with the Proposed Transaction.

4.      The Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.  Accordingly, plaintiff alleges herein that defendants violated Sections 14(a) and 20(a) of the Securities Exchange Act of 1934 (the "1934 Act") in connection with the Proxy Statement.

## JURISDICTION AND VENUE

5.      This Court has jurisdiction over the claims asserted herein pursuant to Section 27 of the 1934 Act because the claims asserted herein arise under Sections 14(a) and 20(a) of the 1934 Act and Rule 14a-9.

6.      This Court has jurisdiction over defendants because each defendant is either a corporation that conducts business in and maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

7.      Venue is proper under 28 U.S.C. § 1391(b) because a substantial portion of the transactions and wrongs complained of herein occurred in this District.

## PARTIES

8.     Plaintiff is, and has been continuously throughout all times relevant hereto, the owner of Clifton Bancorp common stock.

9.     Defendant Clifton Bancorp is a Maryland corporation and maintains its principal executive offices at 1433 Van Houten Avenue, Clifton, New Jersey 07015.  Clifton Bancorp's common stock is traded on the NASDAQ market under the ticker symbol "CSBK."

10.     Defendant Paul M. Aguggia ("Aguggia") has served as Chairman of the Board, President, and Chief Executive Officer ("CEO") of Clifton Bancorp since January 2014.

11.     Defendant Stephen Adzima ("Adzima") has served as a director of Clifton Bancorp since 2012.

12.     Defendant John H. Peto ("Peto") has served as a director of Clifton Bancorp since 1995.

13.     Defendant Charles J. Pivirotto ("Pivirotto") has served as a director of Clifton Bancorp since 2007.

14.     Defendant Cynthia Sisco ("Sisco") has served as a director of Clifton Bancorp since 2007.

15.     Defendant Joseph C. Smith ("Smith") has served as a director of Clifton Bancorp since 1994.

16.     The defendants identified in paragraphs 10 through 15 are collectively referred to herein as the "Individual Defendants."

17.     Defendant Kearny is a Maryland corporation and a party to the Merger Agreement.

## CLASS ACTION ALLEGATIONS

18.     Plaintiff brings this action as a class action on behalf of himself and the other public stockholders of Clifton Bancorp (the "Class").  Excluded from the Class are defendants herein, any person, firm, trust, corporation, or other entity related to or affiliated with any defendant, and any judicial officer who handles this matter, along with the immediate family of such judicial officers.

19.     This action is properly maintainable as a class action.

20.     The Class is so numerous that joinder of all members is impracticable.  As of November 1, 2017, there were approximately 22,064,768 shares of Clifton Bancorp common stock outstanding, held by hundreds, if not thousands, of individuals and entities scattered throughout the country.

21.     Questions of law and fact are common to the Class, including, among others: (i) whether defendants violated the 1934 Act; and (ii) whether defendants will irreparably harm plaintiff and the other members of the Class if defendants' conduct complained of herein continues.

22.     Plaintiff is committed to prosecuting this action and has retained competent counsel experienced in litigation of this nature.  Plaintiff's claims are typical of the claims of the other members of the Class and plaintiff has the same interests as the other members of the Class. Accordingly, plaintiff is an adequate representative of the Class and will fairly and adequately protect the interests of the Class.

23.     The prosecution of separate actions by individual members of the Class would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for defendants, or adjudications that would, as a practical matter, be dispositive of the interests of individual members of the Class who are not parties to the adjudications or would

substantially impair or impede those non-party Class members' ability to protect their interests.

24.    Defendants have acted, or refused to act, on grounds generally applicable to the Class as a whole, and are causing injury to the entire Class.  Therefore, final injunctive relief on behalf of the Class is appropriate.

## SUBSTANTIVE ALLEGATIONS

### *Background of the Company and the Proposed Transaction*

25.    Clifton Bancorp is a Maryland corporation that was incorporated in November 2013 to be the successor corporation to Clifton Savings Bancorp, Inc. ("Clifton Savings Bancorp"), the former stock holding company for Clifton Savings Bank, upon completion of the mutual-to-stock conversion of Clifton MHC, the former mutual holding company for Clifton Savings Bank. Clifton Bancorp is now the holding company for Clifton Savings Bank, a federally chartered savings bank headquartered in Clifton, New Jersey.

26.    Founded in 1928, Clifton Savings Bank is a metropolitan, community-focused bank serving residents and businesses in its market area through 12 full-service banking centers.  Clifton Savings Bank offers traditional financial services and products to consumers and businesses in its market area.  Clifton Savings Bank attracts deposits from the general public and uses these deposits, together with other funds, to invest in securities and to make loans collateralized by residential and multi-family and commercial real estate and, to a lesser extent, commercial lines of credit, consumer and other types of loans.

27.    At September 30, 2017, Clifton Bancorp had total consolidated assets of $1.55 billion, total deposits of $914.6 million and total stockholders' equity of $285.9 million.

28.    On November 1, 2017, Clifton Bancorp entered into the Merger Agreement with Kearny.  If the Proposed Transaction is approved by Clifton Bancorp's and Kearny's stockholders,

Clifton Bancorp will merge with and into Kearny, with Kearny remaining as the surviving entity, and Clifton Bancorp's stockholders will receive 1.191 shares of Kearny common stock for each share of Clifton Bancorp they own. Immediately following the merger, Clifton Savings Bank, the wholly-owned subsidiary of Clifton, will merge with and into Kearny Bank, the wholly-owned subsidiary of Kearny, with Kearny Bank as the surviving entity.

***The Proxy Statement Omits Material Information, Rendering It False and Misleading***

29.    On January 23, 2018, defendants filed the Proxy Statement with the SEC in connection with the Proposed Transaction.

30.    As set forth below, the Proxy Statement omits material information with respect to the Proposed Transaction, which renders the Proxy Statement false and misleading.

31.    The Proxy Statement omits material information regarding the valuation analyses performed by the Company's financial advisor in connection with the Proposed Transaction, RP Financial, LC ("RP Financial").

32.    The disclosure of projected financial information is material because it provides stockholders with a basis to project the future financial performance of a company, and allows stockholders to better understand the financial analyses performed by the company's financial advisor in support of its fairness opinion. Moreover, when a banker's endorsement of the fairness of a transaction is touted to shareholders, the valuation methods used to arrive at that opinion as well as the key inputs and range of ultimate values generated by those analyses must also be fairly disclosed.

33.    The Proxy Statement fails to quantify and disclose the amount of the synergies that are expected to result from the Proposed Transaction, which RP Financial used in its Pro Forma Impact Analysis.

34.    With respect to RP Financial's Comparable Transactions Analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the transactions observed by RP Financial in its analysis.  The disclosure of this information is particularly material here because, rather than relying on the mean and median pricing multiples of the selected transactions, RP Financial made certain subjective adjustments to arrive at an implied value range for the Company, thus suggesting that the selected "comparable" transactions were not actually comparable to the Proposed Transaction.  As such, stockholders are entitled to see each of the multiples and metrics for the transactions observed by RP Financial and the Board.

35.    Similarly, with respect to RP Financial's Control Premium Analysis, the Proxy Statement fails to disclose the individual multiples and financial metrics for each of the companies observed by RP Financial in its analysis.  The disclosure of this information is particularly material here because, rather than relying on the mean and median pricing multiples of the selected transactions, "RP Financial made qualitative valuation adjustments to account for differences between Clifton and the peer group from a valuation standpoint," thus suggesting that the selected "peer" companies were not actually comparable to Clifton Bancorp.  As such, stockholders are entitled to see each of the multiples and metrics for the companies observed by RP Financial.

36.    With respect to RP Financial's Discounted Cash Flow Analysis, the Proxy Statement fails to disclose: (i) the full set of Clifton Bancorp's projections through 2022 that RP Financial relied upon in performing its analyses; (ii) the specific inputs and assumptions underlying the different discount rate ranges that RP Financial used in its analysis; and (iii) the perpetuity growth rates implied by RP Financial's analyses.

37.    The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) RP Financial's

Opinion to Clifton's Board of Directors; and (ii) Unaudited Prospective Financial Information.

38.     The Proxy Statement omits material information relating to potential conflicts of interest of Clifton Bancorp's financial advisors in connection with the Proposed Transaction, RP Financial and Sandler O'Neill & Partners, L.P. ("Sandler O'Neill").  Due to the central role played by investment banks in the evaluation, exploration, selection, and implementation of strategic alternatives, stockholders are entitled to the full disclosure of investment banker compensation and all potential conflicts of interest.

39.     The Proxy Statement indicates that Clifton Bancorp engaged Sandler O'Neill as its financial advisor in connection with the Proposed Transaction, but later determined to engage RP Financial as "an independent third party" to provide a fairness opinion because Sandler O'Neill "routinely represents both Clifton and Kearny in strategic matters."  The Proxy Statement, however, fails to disclose the nature and timing of Sandler O'Neill's past engagements by Clifton and Kearny, as well as the amount of compensation Sandler O'Neill has earned in connection with its current and past engagements.

40.     Further, the Proxy Statement fails to disclose whether RP Financial has provided either Clifton Bancorp or Kearny with financial or advisory services in the past and, if so, the Proxy Statement fails to disclose the nature and timing of RP Financial's past engagements, as well as the amount of compensation RP Financial has earned in connection with its current and past engagements.

41.     The omission of this material information renders the Proxy Statement false and misleading, including, *inter alia*, the following sections of the Proxy Statement: (i) Background of the Merger; and (ii) RP Financial's Opinion to Clifton's Board of Directors.

42.    The above-referenced omitted information, if disclosed, would significantly alter the total mix of information available to Clifton Bancorp's stockholders.

## COUNT I

**Claim for Violation of Section 14(a) of the 1934 Act and Rule 14a-9 Promulgated Thereunder Against the Individual Defendants and Clifton Bancorp**

43.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

44.    The Individual Defendants disseminated the false and misleading Proxy Statement, which contained statements that, in violation of Section 14(a) of the 1934 Act and Rule 14a-9, in light of the circumstances under which they were made, omitted to state material facts necessary to make the statements therein not materially false or misleading.  Clifton Bancorp is liable as the issuer of these statements.

45.    The Proxy Statement was prepared, reviewed, and/or disseminated by the Individual Defendants.  By virtue of their positions within the Company, the Individual Defendants were aware of this information and their duty to disclose this information in the Proxy Statement.

46.    The Individual Defendants were at least negligent in filing the Proxy Statement with these materially false and misleading statements.

47.    The omissions and false and misleading statements in the Proxy Statement are material in that a reasonable stockholder will consider them important in deciding how to vote on the Proposed Transaction.   In addition, a reasonable investor will view a full and accurate disclosure as significantly altering the total mix of information made available in the Proxy Statement and in other information reasonably available to stockholders.

48.    The Proxy Statement is an essential link in causing plaintiff and the Company's stockholders to approve the Proposed Transaction.

49.    By reason of the foregoing, defendants violated Section 14(a) of the 1934 Act and Rule 14a-9 promulgated thereunder.

50.    Because of the false and misleading statements in the Proxy Statement, plaintiff and the Class are threatened with irreparable harm.

## COUNT II

### Claim for Violation of Section 20(a) of the 1934 Act
### Against the Individual Defendants and Kearny

51.    Plaintiff repeats and realleges the preceding allegations as if fully set forth herein.

52.    The Individual Defendants and Kearny acted as controlling persons of Clifton Bancorp within the meaning of Section 20(a) of the 1934 Act as alleged herein.  By virtue of their positions as officers and/or directors of Clifton Bancorp and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Proxy Statement, they had the power to influence and control and did influence and control, directly or indirectly, the decision making of the Company, including the content and dissemination of the various statements that plaintiff contends are false and misleading.

53.    Each of the Individual Defendants and Kearny was provided with or had unlimited access to copies of the Proxy Statement alleged by plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause them to be corrected.

54.    In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control and influence the particular transactions giving rise to the violations as alleged herein, and exercised the same.  The Proxy Statement contains the unanimous recommendation of the Individual Defendants to approve the Proposed Transaction.  They were thus directly involved

in the making of the Proxy Statement.

55.     Kearny also had direct supervisory control over the composition of the Proxy Statement and the information disclosed therein, as well as the information that was omitted and/or misrepresented in the Proxy Statement.

56.     By virtue of the foregoing, the Individual Defendants and Kearny violated Section 20(a) of the 1934 Act.

57.     As set forth above, the Individual Defendants and Kearny had the ability to exercise control over and did control a person or persons who have each violated Section 14(a) of the 1934 Act and Rule 14a-9, by their acts and omissions as alleged herein.  By virtue of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the 1934 Act.  As a direct and proximate result of defendants' conduct, plaintiff and the Class are threatened with irreparable harm.

## **PRAYER FOR RELIEF**

**WHEREFORE**, plaintiff prays for judgment and relief as follows:

A.      Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction;

B.      In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages;

C.      Directing the Individual Defendants to disseminate a Proxy Statement that does not contain any untrue statements of material fact and that states all material facts required in it or necessary to make the statements contained therein not misleading;

D.      Declaring that defendants violated Sections 14(a) and/or 20(a) of the 1934 Act, as well as Rule 14a-9 promulgated thereunder;

E.      Awarding plaintiff the costs of this action, including reasonable allowance for plaintiff's attorneys' and experts' fees; and

F.      Granting such other and further relief as this Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby requests a trial by jury on all issues so triable.


Dated: February 16, 2018                          **LITE DePALMA GREENBERG, LLC**

                                  By:   */s/ Bruce D. Greenberg*
                                        Bruce D. Greenberg
                                        570 Broad Street, Suite 1201
                                        Newark, NJ  07102
                                        (973) 623-3000
                                        *Attorneys for Plaintiff*

                                  **OF COUNSEL:**

                                  **RIGRODSKY & LONG, P.A.**
                                  Brian D. Long
                                  300 Delaware Avenue, Suite 1220
                                  Wilmington, DE 19801
                                  (302) 295-5310

                                  **RM LAW, P.C.**
                                  Richard A. Maniskas
                                  1055 Westlakes Drive, Suite 300
                                  Berwyn, PA 19312
                                  (484) 324-6800

                                  *Attorneys for Plaintiff*